UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

### ORDER TO PROVIDE A STATEMENT OF THE CASE

Your case has been reassigned to Judge Laurie J. Michelson under Administrative Order 14-AO-030. To assist the Court with a seamless transition, the parties are hereby ordered to provide a Statement of the Case **within seven days**. Submission of a joint statement is encouraged but if it is not practicable, separate statements may be provided. In no more than two pages, briefly summarize the nature of the action, the major claims and defenses, and the procedural history and status of the case, including any major pending disputes or motions. Address whether any progress has been made toward settlement, and whether it would be beneficial to schedule a settlement conference. Deliver the statement by email (Jane_Johnson@mied.uscourts.gov), hand, or fax (313-234-5094). Do not file or docket it.

In addition, Counsel should carefully review and follow the attached case management requirements.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  May 7, 2014


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 7, 2014.

s/Jane Johnson
Deputy Clerk

## ADDITIONAL CASE MANAGEMENT REQUIREMENTS

1. **LOCAL COUNSEL**: An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district. Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f). All inquiries regarding admission to this district should be directed to the Clerk's office at (313) 234-5005.

2. **DISCOVERY**: Parties may agree to extend the discovery cutoff deadline by filing a stipulation and order with the Court provided the extension of time does not affect the motion cutoff, final pretrial conference, or trial dates. Extensions or adjournments of all other dates will be considered only upon the filing of a timely written motion.

3. **DISCOVERY MOTIONS**: Discovery motions are *not* to be filed until the parties have complied with the following procedures:

   a. *First*: The parties must meet and confer in a good-faith effort to resolve their differences without Court intervention. Failure of a party to make itself available for this conference may result in sanctions.

   b. *Second*: In the event these good-faith efforts are unsuccessful, the moving party is required to schedule a telephonic conference with the Court in a further effort to try to resolve the discovery dispute prior to filing any motion. Counsel shall contact the Court's case manager to schedule the conference. Prior to the conference each side shall submit (to the case manager, Jane_Johnson@mied.uscourts.gov) a one-page summary of the dispute.

   c. *Third*: If the dispute still cannot be resolved following the telephonic conference, the Court will entertain or refer to the assigned Magistrate Judge the relevant discovery motion. Attach a complete copy of the discovery request and response at issue. If the motion involves a deposition that has already taken place, provide a complete transcript.

   d. Failure to comply with these steps may result in an award of costs and reasonable attorney's fees against the non-complying party.

4. **BRIEFING AND COURTESY COPIES**: Unless specifically addressed in the Court's Notice of Hearing, the time limits prescribed in the Eastern District of Michigan Local Rules apply for filing responses and replies to motions. All briefs shall strictly comply with Local Rules 5.1 and 7.1. A courtesy copy of all motions and briefs must be sent to the chambers via first class mail the same day the document is e-filed or hand-delivered not later than the next business day after the document is e-filed. The courtesy copy should consist of the actual e-filed document and contain the electronic file stamp on the top of each page. It may be bound in any manner other than a prong fastener. Exhibits must be tabbed and the relevant portions highlighted.

5. **SUMMARY JUDGMENT**: Before filing a motion for summary judgment under Federal Rule of Civil Procedure 56, parties should note that, under Rule 56(d), summary judgment may be denied if the non-moving party has not had the opportunity to discover essential evidence, and that Local Rule 7.1(b) requires a party to obtain the Court's leave to file more than one motion for summary judgment.

   The following procedures must be followed for summary judgment motions:

   a. **Moving Party's Statement of Material Facts**: A summary judgment motion filed in this Court must begin with a "Statement of Material Facts." The Statement must identify the facts as to which the moving party contends there is no genuine dispute and that entitle the moving party to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Each fact must be briefly and directly stated in a separate numbered paragraph, with citations to specific supporting evidence.

   b. **Opposing Party's Counter-Statement of Material Facts**: A response to a summary judgment motion filed in this Court must begin with a "Counter-Statement of Material Facts." The Counter-Statement must recite each of the numbered paragraphs of the Statement of Material Facts and clearly and specifically indicate whether it is admitted or disputed. Any dispute must be supported with citation to specific evidence. *See Anderson*, 477 U.S. at 257. All material facts set forth in the Statement of Material Facts will be deemed to be admitted unless controverted by the Counter-Statement of Material Facts. The Counter-Statement may also contain any additional facts that require the denial of summary judgment, briefly and directly stated in a separately numbered paragraph, with citations to specific supporting evidence.

   c. **Fact Appendix**: Evidence cited, and anything necessary to provide complete, unbiased context for the evidence cited, must be filed in a Fact Appendix. For example, it may be necessary to file a complete deposition transcript to provide complete, unbiased context for deposition statements cited by the brief. Each party's Fact Appendix shall contain an index followed by tabbed exhibits. All pages from the same deposition or document should be at the same tab.

   d. **Argument**: The Statement of Material Facts and Counter-Statement of Material Facts should not contain argument. Argument as to whether a particular fact is or is not material under the governing case law should be presented in the briefs.

   e. **Page Limits**: The Statement of Material Facts and Counter-Statement of Material Facts count against the page limits for the briefs stated in LR 5.1(d)(3) or by Court order. No separate narrative facts section will be permitted.

5. **CASE EVALUATION/FACILITATION**: Parties may stipulate to case evaluation or mediation, or request a settlement conference with the District or Magistrate Judge at any time. In all cases, a brief status conference will be conducted shortly after the close of discovery to discuss settlement options. It is the responsibility of the attorneys to make

sure that case evaluation is completed before the final pretrial conference. If the parties elect to submit the case to case evaluation pursuant to E.D. Mich. LR 16.3 or to private facilitation, they must complete the Court's form orders of reference which are attached to this Notice.

6. **MOTIONS IN LIMINE**: Motions in limine are to be filed at the same time as the submission of the Final Pretrial Order so that the Court can review the briefing in advance of the Conference. Such motions are not to recast issues previously presented in summary judgment or discovery motions. Rather, motions in limine serve the limited purpose of alerting the Court to significant evidentiary issues that should be addressed prior to trial. The Court will generally decide the motions at the Conference, but will exercise its discretion in deferring a decision until trial.

7. **JOINT FINAL PRETRIAL CONFERENCE AND ORDER**:

    a. Trial counsel must be present at the Joint Final Pretrial Conference and have settlement authority.

    b. The parties are to strictly adhere to E.D. Mich. LR 16.2 in preparing a Joint Final Pretrial Order ("Joint Order"), except as this Court may otherwise provide. Briefly, Local Rule 16.2 requires that the Joint Order contain the following information: (1) jurisdiction, (2) plaintiff's claims, (3) defendant's claims, (4) stipulation of facts, (5) issues of fact to be litigated, (6) issues of law to be litigated, (7) evidentiary problems likely to arise at trial, (8) a witness list, (9) an exhibit list and any objections, (10) an itemization of damages, (11) type of trial (e.g., jury) and its estimated length, and (12) details regarding the most recent settlement effort. The parties are directed to E.D. Mich. LR 16.2 for further details. The Final Pretrial Order must be submitted through the document utilities function of the CM/ECF no later than two (2) weeks before the date of the Final Pretrial Conference.

8. **VOIR DIRE:** It is the Court's practice to conduct *voir dire*. The Court will, however, entertain requests for follow-up and additional *voir dire* on a limited basis and may permit such *voir dire* to be conducted by counsel. In such instances, counsel must confine themselves to true *voir dire* and not engage in posturing or argument. While the Court has standard *voir dire* questions, counsel may submit a list of no more than fifteen (15) other inquiries specific to the cause(s) of action that they want the Court to include. Counsel shall also prepare a two-to-three paragraph joint statement of the case which will be read by the Court to the prospective panel of jurors prior to the commencement of *voir dire*. The *voir dire* materials should be submitted no later than one (1) week prior to the Final Pretrial Conference. They are to be submitted to the case manager via electronic mail (Jane_Johnson@mied.uscourts.gov) in Microsoft Word format and a courtesy copy mailed or hand-delivered to chambers.

9. **JURY INSTRUCTIONS**: The parties are to meet and confer prior to trial to prepare jury instructions. No later than one (1) week prior to the Pretrial Conference, the parties are to file with the court a single set of proposed, stipulated jury instructions. The parties are

advised to consult Federal Jury Practice and Instructions (available on Westlaw in the FED-JI database) or Modern Federal Jury Instructions (available on Lexis in the MOFEJI database), and, to the extent that Michigan law governs, the [Michigan Civil Jury Instructions](). If, after a good faith effort, the parties cannot agree upon a particular instruction, each party must submit a proposed instruction followed by a brief, one paragraph statement supporting their version. All instructions, both agreed and disputed, shall be presented in sequential order and in a single document. If a proposed instruction is based on one from a model source, the parties should include a citation to the model instruction. Proposed verdict forms should also be provided. These materials are to be submitted to the case manager via electronic mail (Jane_Johnson@mied.uscourts.gov) in Microsoft Word format and a courtesy copy mailed or hand-delivered to chambers.

10. **EXHIBITS**:

   a. Counsel are required to mark all proposed exhibits in advance of trial. The preferred method is to use the traditional "Plaintiff's Exhibit __" and "Defendant's Exhibit __" in sequential order, but any clearly marked method is acceptable (e.g., numbers and letters). The parties are required to exchange marked exhibits three (3) days prior to the start of trial.

   b. Counsel are required to keep track of all admitted exhibits during trial. Counsel must confer and maintain one set of admitted exhibits which should be ready to be turned over to the jury prior to the closing jury instructions.

   c. On the first day of trial, the parties are to provide the Court with a set of the marked exhibits. They are to be placed in a three-ring binder with the exhibit number displayed prominently on the tab corresponding to the exhibit. The binder should include an index which adheres to the following format:

   | Exhibit # | Description | Received |
   |---|---|---|
   |  |  |  |

   An "S" is to be placed in the column labeled "Received" for all stipulated exhibits.

   d. The provisions of Federal Rule of Civil Procedure 37(c)(1) will apply for failure to list an exhibit.

11. **BENCH TRIALS:** Fourteen (14) days before trial, each party must serve on opposing counsel their proposed Findings of Fact and Conclusions of Law. Each party should review the other's proposed Findings and Conclusions, and then make changes to their own proposed Findings and Conclusions as necessary. Seven (7) days before trial, each party shall submit to the Court a courtesy copy of its proposed Findings of Fact and Conclusions of Law (at the address provided above), and email the Court an editable Word version (at the address provided above). If modifications have been made, each party shall re-serve their proposed Findings and Conclusions on the other parties. During the course of trial, parties shall be prepared to submit to the Court, and to exchange among themselves, supplemental Findings of Fact and Conclusions of Law.

12. **CIVILITY:** The Court expects compliance with this District's Civility Principles. Conduct inconsistent with the letter, and spirit, of those principles will not be tolerated. Counsel will treat all litigation participants, and each other, with professionalism, courtesy, and respect at all times. This includes what is written as well as what is said.