UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTROLBOX.COM, LLC,

    Plaintiff,

v.

    Case No. 14-11069
    Honorable Laurie J. Michelson
    Magistrate Judge R. Steven Whalen

MICHAEL NICHOLS and
NIXCO, LLC,

    Defendants.

_____/

## ORDER DENYING DEFENDANT NICHOLS'S MOTION FOR SANCTIONS

Defendant Michael Nichols has filed a Motion for Sanctions for Plaintiff's Submission of False or Misleading Evidence and Concealment of Evidence, under Federal Rule of Civil Procedure 11. (Dkt. 21.)

Rule 11 states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2). A motion for sanctions under Rule 11 therefore requires "a two-step process: first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court." *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997). The Sixth Circuit has explained that this "safe harbor" provision was intended "to reduce Rule 11's volume, formalize appropriate due process considerations of sanctions litigation, and diminish the rule's chilling effect," as well as further "civility among

attorneys and between bench and bar . . . by having attorneys communicate with each other with an eye toward potentially resolving their differences prior to court involvement." *Id.*

Nichols's motion does not indicate that this two-step process was followed.[1] Plaintiff states in response to the motion that Nichols did not serve the motion on Plaintiff before filing it with the Court. (Dkt. 24 at 1–2.) Nichols did not file a Reply. The Court therefore concludes that Nichols has not complied with Rule 11's safe harbor provision, which the Sixth Circuit has held to be an "absolute requirement." *Ridder*, 109 F.3d at 296.

Therefore, the Court ORDERS that Defendant Nichols's Motion for Sanctions for Plaintiff's Submission of False or Misleading Evidence and Concealment of Evidence (Dkt. 21) is DENIED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: June 6, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 6, 2014.

s/Jane Johnson
Case Manager to
U.S. District Judge Laurie J. Michelson

---

[1] Indeed, the motion does not even state, as required by this district's Local Rule, that "there was a conference between attorneys . . . in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought" or that "despite reasonable efforts . . . the movant was unable to conduct a conference." E.D. Mich. LR 7.1(a)(2).

2