IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CONTROLBOX.COM, LLC.,

      Plaintiff,

vs.

MICHAEL NICHOLS, and
NIXCO, LLC,
jointly and severally,

      Defendants,

vs.

STEVEN J. MCAULEY, JOSEPH COHEN,
MC INVESTMENTS OF MICHIGAN, INC., and
AUTOTRADER.COM, INC.

      Third Party Defendants.

Case No. 2:14-cv-11069-PDB-RSW

Hon. Laurie J. Michelson
Magistrate Judge R. Steven Whalen

---

## MOTION TO DISMISS THIRD-PARTY COMPLAINT AGAINST JOSEPH COHEN

Third-party Defendant, Joseph Cohen, by his attorneys, hereby moves to dismiss the Third-Party complaint against him pursuant to Fed. R. Civ. P. 12(b)(2). In support of this motion, Cohen relies on the facts and argument set forth in his accompanying brief. Cohen states that he sought concurrence from Defendant in the relief requested, and that such concurrence was not received.

Respectfully Submitted,

**MANTESE HONIGMAN ROSSMAN AND WILLIAMSON, P.C.**
Attorneys for Plaintiff and Third Party Defendants Steven J. McAuley, Joseph Cohen and MC Investments of Michigan, Inc.

By: /s/David Hansma
Gerard V. Mantese (P34424)
David Hansma (P71056)
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200

Dated: June 17, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CONTROLBOX.COM, LLC.,

        Plaintiff,

vs.

MICHAEL NICHOLS, and
NIXCO, LLC,
jointly and severally,

        Defendants,

vs.

STEVEN J. MCAULEY, JOSEPH COHEN,
MC INVESTMENTS OF MICHIGAN, INC., and
AUTOTRADER.COM, INC.

        Third Party Defendants.

Case No. 2:14-cv-11069-PDB-RSW

Hon. Laurie J. Michelson
Magistrate Judge R. Steven Whalen

---

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## THIRD-PARTY COMPLAINT AGAINST JOSEPH COHEN

# QUESTION PRESENTED

I. Should Defendant's third-party complaint against Joseph Cohen be dismissed where Joseph Cohen resides in California and Defendant has not alleged minimum contacts with the State of Michigan?

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

*International Technologies Consultants, Inc. v. Euroglas, S.A.*, 107 F.3d 386 (6th Cir. 1997)

*Southern Machine Co., Inc. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1998)

*US Bioservices Corp. v. Lugo*, 2008 WL 4747473 (D. Kan. Oct 23, 2008)

14th Amendment, United States Constitution

## INTRODUCTION

Defendant Nichols' third-party complaint against Third-Party Defendant Joseph Cohen must be dismissed for lack of personal jurisdiction. Nichols does not allege sufficient contacts between Cohen and the State of Michigan to allow this Court to exercise personal jurisdiction over Cohen.

The third-party complaint specifically alleges that Cohen is a resident of California. There is no allegation that Cohen performed any acts in Michigan or directed any of his acts toward Michigan. The only connection between Cohen and Michigan is his work for a Michigan limited liability company. However, this alone will not support personal jurisdiction. Accordingly, all claims against Cohen should be dismissed.

## ARGUMENT

### A. This Court Lacks Personal Jurisdiction over Third-Party Defendant Cohen

A federal court sitting in diversity may exercise personal jurisdiction over an out-of-state defendant "only to the extent that the forum state could do so." *Niemi v. NHK Spring Co., Ltd.*, 276 F. Supp. 2d 717, 719 (E.D. Mich. 2003). Any exercise of personal jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. "Due process mandates that the Defendant have certain minimum contacts' with the forum state, such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice."

1

*Id.* (internal citation and quote marks omitted). The minimum-contacts analysis seeks to answer the critical question of whether "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Id.* at 720.

In *Southern Machine Co., Inc. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir 1998), the Court of Appeals adopted a three-part test for determining whether personal jurisdiction existed, consisted with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 381. The burden of establishing jurisdiction over Cohen lies with Nichols. *International Technologies Consultants, Inc. v. Euroglas, S.A.*, 107 F.3d 386, 391 (6th Cir. 1997). Nichols must plead facts showing that sufficient contacts with Michigan exist to satisfy due process. *Corneal v. CF Hosting, Inc.*, 187 F. Supp. 2d 1372, 1374 (S.D. Fla. 2001); *Offshore Transport Services, LLC v. M/S Minerva Symphony*, 2010 WL 1558985 at *3 (E.D. La. April 9, 2010) (Ex. 1).

Nichols has utterly failed to allege sufficient contacts with Michigan for this Court to exercise jurisdiction over Cohen. First, Nichols has not alleged that Cohen purposefully availed himself of the privilege of acting in Michigan or

2

causing a consequence in Michigan. The closest he comes is alleging facts showing that Cohen worked for a Michigan limited liability company. However, mere employment will not satisfy the minimum contacts. *US Bioservices Corp. v. Lugo*, 2008 WL 4747473 at *3 (D. Kan. Oct 23, 2008) (Ex. 2); *Marczeski v. Kamba*, 2001 WL 237204 at *3 n2 (D. Conn. Feb. 23, 2001) (Ex. 3). Nichols also does not allege any facts showing that his claims against Cohen arise from acts Cohen committed Michigan. Given this lack of connection between Cohen and Michigan, there is not a substantial enough connection to make the exercise of jurisdiction over the Cohen reasonable. Accordingly, all claims against Cohen should be dismissed.

## CONCLUSION

WHEREFORE, for the forgoing reasons, Third-Party Defendant Cohen requests that Defendant's third-party claims against him be dismissed.

Respectfully Submitted,

**MANTESE HONIGMAN ROSSMAN AND WILLIAMSON, P.C.**
Attorneys for Plaintiff and Third Party Defendants Steven J. McAuley, Joseph Cohen and MC Investments of Michigan, Inc.

By: /s/David Hansma
Gerard V. Mantese (P34424)
David Hansma (P71056)
1361 E. Big Beaver Road, Troy, MI 48083
(248) 457-9200

Dated: June 17, 2014

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CONTROLBOX.COM, LLC.,

        Plaintiff,

vs.

MICHAEL NICHOLS, and
NIXCO, LLC,
jointly and severally,

        Defendants,

vs.

STEVEN J. MCAULEY, JOSEPH COHEN,
MC INVESTMENTS OF MICHIGAN, INC., and
AUTOTRADER.COM, INC.

        Third Party Defendants.

Case No. 2:14-cv-11069-PDB-RSW

Hon. Laurie J. Michelson
Magistrate Judge R. Steven Whalen

---

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2014, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send electronic notices of same to all counsel of record.

        /s/Sherri Sikorski
        Sherri Sikorski
        Mantese Honigman Rossman
        and Williamson, P.C.
        1361 E. Big Beaver Rd.
        Troy, Michigan 48083
        Telephone: (248) 457-9200
        ssikorski@manteselaw.com