UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTROLBOX.COM, LLC,

    Plaintiff,

v.

MICHAEL NICHOLS and
NIXCO, LLC,

    Defendants,

v.

STEVEN J. MCAULEY, JOSEPH COHEN, AND
MC INVESTMENTS OF MICHIGAN, INC.,

Third Party Defendants.

_____/

Case No. 14-11069
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

## **ORDER**

Defendant Michael Nichols filed a Third Party Complaint on May 19, 2014, against Steven J. McAuley, Joseph Cohen, MC Investments of Michigan, Inc., and Autotrader.com, Inc. (Dkt. 26 at 15–39.) The Third Party Complaint was served on Cohen on May 29, 2014, (Dkt. 30), on Autotrader.com, Inc., on June 2, 2014, (Dkt. 31), and on McAuley on June 5, 2014 (Dkt. 32).

On June 13, 2014, Nichols filed a notice that he was withdrawing his third party claim against Autotrader.com, Inc., "without prejudice on the grounds of prematurity." (Dkt. 34.) He requested "leave to reintroduce his claim against Autotrader.com, Inc. should discovery reveal that agents and/or employees of Autotrader.com, Inc. did assist Third Party Defendants McAuley and Cohen in tortious activities including but not limited to those alleged in the Defendant's

Third Party Complaint." (*Id.* at 1–2.) Third party defendant Autotrader.com, Inc., has been served but has not yet answered. (*See* Dkt. 31.) Under Federal Rule of Civil Procedure 41, "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1)(A). The dismissal is without prejudice unless the notice states otherwise, or unless "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim." Fed. R. Civ. P. 41(a)(1)(B). Accordingly, Third Party Defendant Autotrader.com, Inc., is **DISMISSED WITHOUT PREJUDICE**.

On June 17, 2014, Third Party Defendant Joseph Cohen filed a Motion to Dismiss Nichols's Third Party Complaint against Joseph Cohen, for lack of personal jurisdiction under Rule 12(b)(2). (Dkt. 36.) On June 18, 2014, Nichols filed an Amended Third Party Complaint. (Dkt. 37.) Nichols's amendment is proper under Federal Rule of Civil Procedure 15, which permits amendment of a complaint once as a matter of course within 21 days after serving it, or within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1). Because the Amended Third Party Complaint supersedes the complaint against which Cohen's motion was filed, the motion is moot. But the Court will treat Cohen's motion as a motion to dismiss the Amended Third Party Complaint if Cohen so chooses.

Accordingly, it is **ORDERED** that Third Party Defendant Cohen shall advise the Court by June 26, 2014, whether it plans to withdraw its Motion to Dismiss (Dkt. 36) and file an amended motion, or stand on the Motion as filed. If Defendant chooses to stand on the Motion as filed, the Court will treat it as pertaining to the Amended Third Party Complaint (Dkt. 37), and the deadline for Nichols's response is extended seven days to July 18, 2014. If Defendant

chooses to withdraw the Motion and file an amended version, Plaintiff's response will be due as set forth in Local Rule 7.1.

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE

Dated: June 20, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 20, 2014.

                                              s/Jane Johnson
                                              Case Manager to
                                              Honorable Laurie J. Michelson